MARGARET BUDD, Appellant, *v.* STEPHEN A. WALKER, as Executor, etc., of HOLBERT SMALES, Deceased, Respondent.

*Statute of limitations — what statements do not amount to a plea of the statute of limitations — Code of Civil Procedure, sec. 413.*

This action was brought to recover a sum of money intrusted by the plaintiff to the defendant's testator January 22, 1859. The defendant set up in his answer as one of his defenses to the action " that the claims of the plaintiff mentioned in said complaint, if not wholly fictitious, are stale and outlawed demands and have been wholly abandoned and lost by the laches of the plaintiff in not insisting upon the same during the lifetime of the testator, with whom the plaintiff was in daily intercourse, and the defendant claims the benefit of all statutes or rules of law or equity which may be invoked for the purpose of resisting the same, and which the evidence presented upon the trial may show to be applicable."

*Held,* that this was not a plea of the statute of limitations, and that the objection that the plaintiff's demand was barred by that statute could not be raised upon the trial.

Appeal from a judgment in favor of the defendant, entered on the report of a referee.

*Luther R. Marsh,* for the appellant.

*G. W. Van Slyck,* for the respondent.

Davis, P. J.:

The first cause of action set forth in the complaint alleges that " on or about January 22, in the year 1859, said plaintiff intrusted to said testator the sum of nine hundred and fifty-three dollars and seventy-two cents, which sum the said testator shortly thereafter informed said plaintiff he had invested for her at seven per cent per annum."

To establish this cause of action the plaintiff proved and put in evidence an instrument in the following words and figures:

"New York, *January* 22, 1859.

"Dear Mrs. Van Kleeck — I have this day received from Mrs. Meinell on your account six hundred and fifty-three dollars and seventy-two cents ($653.72), which together with the three hundred

dollars ($300) you deposited in my hands about the first September last are now drawing interest at the rate of seven per cent. If I can find an opportunity of purchasing a mortgage such as I mentioned to you, whereby I can without risk secure a greater profit, I shall do so unless you wish to make any other use of the money. Should you desire to use it please let me know.

"H. SMALES."

In respect to this cause of action the referee has found against the plaintiff, solely on the ground that it was barred by the statute of limitations. It was insisted on the part of the plaintiff that the statute of limitations had not been pleaded as a defense. The referee overruled this objection and held that the statute was sufficiently pleaded. The third answer of the defendant is as follows:

*Third.* Defendant further says, on information and belief, that the claims of the plaintiff mentioned in said complaint, if not wholly fictitious, are stale and outlawed demands and have been wholly abandoned and lost by the laches of the plaintiff in not insisting upon the same during the lifetime of the testator, with whom the plaintiff was in daily intercourse, and the defendant claims the benefit of all statutes or rules of law or equity which may be invoked for the purpose of resisting the same, and which the evidence presented upon the trial may show to be applicable.

Whatever this nondescript answer may be we are of opinion that it is not a plea of the statute of limitations. Section 413 of the Code declares that the objection that the action was not commenced within the time limited can be taken only by answer. This means that it must be distinctly alleged by specific answer that the cause of action did not accrue within the period within which by previous sections of the Code it must be brought. The form of pleading the statute of limitations has long been well settled. In *Fisher* v. *Pond* (1 Hill, 672), which was an action on the case against the sheriff for not returning a *fi. fa.*, the defendant pleaded that he was "not guilty within three years next before the commencement of the suit."

A motion was made to strike out this answer as false. The court, BRONSON, J., in commenting on the plea, said: "The plea may be bad because it says not guilty within three years instead of alleging that the action did not accrue within that time," citing 2 Revised

Statutes, 296, and *Dyster* v. *Battye* (3 Barn. & Ald., 448), but held that the question was not before the court as neither a demurrer nor a motion to strike out the plea as frivolous was made. Afterwards in the same case, in 2 Hill, 338, the plaintiff having demurred specially to the plea for not following the statute in its terms, the court held that upon the authority of *Dyster* v. *Battye* (*supra*), "and the reason of the thing," the plea was bad and sustained the demurrer. In *Dyster* v. *Battye*, in speaking of a similar plea, ABBOTT, C. J., said : "If its import be really the same as an allegation that the cause of action did not accrue within six years, there can be no reason assigned for a departure from the usual forms. And if its import is different, then it is not a plea warranted by the statute, and, certainly, is not a good plea at the common law."

·In *Bell v. Yates* (33 Barb., 627) the answer was that the cause of action did not accrue at any time within six years next before the commencement of this action, and the court held this to be the proper form of pleading the statute of limitations under the Code. Such a plea is concise and plain, and presents the issue of fact which the law requires, to wit, whether the action was commenced within six years after it accrued. There seems to be no excuse for tolerating any material departure from that form. In this case the answer is that the claims of the plaintiff, "*if not wholly fictitious*, are stale and outlawed demands and have been wholly abandoned and lost by the laches of the plaintiff in not insisting upon the same during the lifetime of the testator, with whom the plaintiff was in daily intercourse." The substance of this answer is the laches of the plaintiff in not insisting upon her claims during the lifetime of the testator, and the object appears to be to assert such laches as an evidence that they are wholly fictitious. The answer looks more like an attempt to avoid the odium of setting up the statute of limitations instead of one to assert it as a defense.

The question whether it does assert that defense all turns upon the force of the word outlawed, for if the sentence be read without that word, probably no one would assert that it could be construed to be a plea of the statute of limitations. But the fact that a demand is outlawed is no defense without a plea of the statute of limitations, for no matter how plainly it may appear upon the face of the instrument that more than six or more than any number of

years has elapsed since the demand fell due, yet the omission of the plea of the statute of limitations prevents that fact from operating as a defense. To hold this answer to be such a plea is equivalent to holding that it is a sufficient answer under the statute to assert that the cause of action alleged in the complaint is stale and outlawed, which certainly would not be a good answer because it would not indicate, according to the requirements of the Code, that the defendant intended to rely upon the force of the statute of limitations.

Nor do we think that the conclusion of the answer should operate to make that part already considered a plea of the statute of limitations. It is in these words: "And the defendant claims the benefit of all statutes, or rules of law or equity which may be invoked for the purpose of resisting the same, and which the evidence produced on the trial may show to be applicable." The only merit of this part of the answer consists in its novelty. It surely cannot operate to entitle the defendant to the benefit of any statute which the law requires to be specially pleaded. The statute of limitations is of that character (Code C. P., § 413), and a general claim of the benefit of all statutes or rules of law or equity which may be invoked for the purpose of resisting a claim, is no compliance with the requirements of the section referred to. Indeed this whole sentence is nothing more than a declaration of intention to take advantage of whatever may turn up on the trial.

In respect of the other cause of action set forth in the complaint, there was, in the correspondence of the testator, considerable evidence tending to establish the allegation that the parties did enter into an arrangement for carrying on a household at their joint expense; and if the learned referee had found that such an arrangement existed, it would not have been difficult to uphold the finding. It being purely a question of fact, however, his construction of the correspondence and other evidence bearing upon that issue is one with which we are not inclined to interfere, because, upon the question already considered there must be a new trial. At all events, as the evidence stood when the case was submitted, the plaintiff had shown a just claim against the testator for his board for a number of years, and such was the opinion of the learned referee, as shown by the concluding remarks of his opinion.

He says: " The most that can be inferred is that the testator was a highly favored boarder, and under an implied obligation to pay whatever the services rendered to him were worth. No such cause of action is set forth in the complaint, or attempted to be maintained upon the trial."

The parties will, of course, before a new trial be had, be at liberty to make such applications as they shall be respectively advised in respect to the amendment of the pleadings. With leave of the court, the answer can be amended so as to properly set up the statute of limitations as a defense, and the complaint may also, in like manner, be amended so as to assert a claim for the board and services rendered to the testator by the plaintiff, and with such amendments the equitable claims and legal defenses will be better presented upon a new trial.

The judgment must be reversed and a new trial granted with costs to abide the event.

Daniels, J., concurred.

Present — Davis, P. J., Daniels and Macomber, JJ.

Judgment reversed, new trial granted, costs to abide event.